JOHN K. LORD *v*. BENJAMIN BISHOP.

If a deposition be taken with notice, the party taking it is under no obligation to exhibit it to the adverse party, or to permit him to have access to it.

TROVER for the conversion of certain chairs.   Plea, the general issue, and trial by jury.

The defendant offered in evidence on the trial several depositions, to which the plaintiff objected, on the ground that they had not

Lord *v.* Bishop.

been lodged with the clerk after being filed, so that the plaintiff could have access to them, but had been immediately taken away by the counsel for the defendant, and kept in his custody until the time of trial, and an inspection of them refused to the plaintiff's counsel, though specially called for by him. The court excluded the depositions, to which the defendant excepted. It appeared from the depositions themselves, which were made part of the case, that they were taken with notice.

Other exceptions were taken to the ruling and charge of the court, and points were made and argued by counsel in reference to the merits of the case; but, as no decision upon them was made by the court, they are omitted here.

*C. Adams* for defendant.

The depositions were improperly excluded. The law, requiring depositions to be lodged and filed thirty days before court, applies only to *ex parte* depositions; but these were taken with notice. Depositions, until offered and read on trial, are at the control of the party taking; but, after being read on trial, they become a part of the files of the court, and may subsequently be used by either party.

*C. D. Kasson* for plaintiff.

The question in reference to the depositions was purely one of practice in the court below, over which this court has no control. It rested in the sound discretion of the county court, under the circumstances of the case, to admit or reject them; and, if rejected, and the party think fit not to ask for a continuance, but to go to trial without them, he must take the consequences of his temerity. 13 Vt. 459. *Carpenter v. Gookin,* 2 Vt. 496. *Chase v. Davis,* 7 Vt. 476. *Mattocks v. Bellamy,* 8 Vt. 467.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The deposition of B. Lothrop, one of those offered, appears to have been material, tending directly to disprove the title of the plaintiff, and to prove the title of the defendant. The materiality of the depositions, as evidence on the issue, was not de-

cided by the county court. They were rejected on other grounds, as stated in the bill of exceptions.

I know of no law which requires a party to show depositions to the adverse party, or to submit them to his inspection. The adverse party has an opportunity of knowing their contents, if they were taken with notice, or to inspect them when on file, if taken without notice. The party taking depositions, with or without notice to the other, is not obliged to use them in evidence, nor to permit the other side to use them, who, if the evidence was important, might have taken the testimony of the same deponents. There is no more ground for a party to complain of being surprised by the introduction of a deposition to which he has not had access, than by the production of a witness unexpectedly. Nor is there any substantial reason for requiring the exhibition of a deposition before trial, which would not equally require the disclosing the name of a witness to be produced, and the facts expected to be substantiated by such witness. An *ex parte* deposition must be filed, to enable the other to take the testimony of the deponent as on a cross examination ; and, unless it is filed, it cannot be received as testimony. All depositions must be opened in court to guard against any alterations or interlineations being incorporated after the depositions were sworn to.

In this case there may have been a want of courtesy, in not exhibiting the deposition to the opposite counsel ; or the course may have been pursued from a regard which the counsel owed to his client, not to exhibit to the opposing counsel the weakness or the strength of his client's case, so as the better to enable the adversary to meet it ; but this cannot enter into our consideration. In England a party to a suit in chancery is not obliged to permit the adverse party to inspect papers which have been proved as exhibits. *Clark* v. *Field*, 10 Vt. 321. The reasons for rejecting the depositions were insufficient, and the court was not warranted in rejecting them, if legally taken and certified, because the party did not think proper to submit them to the inspection of the opposing counsel. The judgment of the county court is therefore reversed.